IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| Rodney Lynn Kilgore | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 1:26-cv-00086 |
| v. | ) | |
| | ) | |
| Town of Monteagle; Alhafiz Ibn Karteron; | ) | JURY DEMANDED |
| Williams Raline; and Treva Baker | ) | |
| | ) | |
| Defendants | ) | |

---

## ANSWER OF THE TOWN OF MONTEAGLE AND WILLIAM RALINE

---

The Town of Monteagle, Tennessee (the "Town") and William Raline ("Chief Raline"),
respond to the allegations in the Complaint as follows:

1. Paragraph 1 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied Complaint states a claim upon which relief
may be granted against the Town and/or Chief Raline.

It is denied the Town and/or Chief Raline deprived the Plaintiff of any right secured by the
U.S. Constitution.

2. Paragraph 2 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied Complaint states a claim upon which relief
may be granted against the Town and/or Chief Raline.

It is denied the Town and/or Chief Raline deprived the Plaintiff of any right secured by the
U.S. Constitution.

It is denied Chief Raline acted in his individual capacity at any material time. Chief Raline reserves the right to seek attorney's fees pursuant to T.C.A. §29-20-113 and/or 42 U.S.C. §1983 upon the dismissal of the claims against him.

3. Paragraph 3 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied Complaint states a claim upon which relief may be granted against the Town and/or Chief Raline.

It is denied the Town and/or Chief Raline deprived the Plaintiff of any right secured by the U.S. Constitution, federal law or state law.

4. Paragraph 4 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied Complaint states a claim upon which relief may be granted against the Town and/or Chief Raline.

It is denied Chief Raline is liable to the Plaintiff under state law.

It is denied Chief Raline acted in his individual capacity at any material time. Chief Raline reserves the right to seek attorney's fees pursuant to T.C.A. §29-20-113 and/or 42 U.S.C. §1983 upon the dismissal of the claims against him.

5. Paragraph 5 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town and/or Chief Raline are liable to the Plaintiff for the alleged damages listed in paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied Complaint states a claim upon which relief may be granted against the Town and/or Chief Raline.

It is denied the Town and/or Chief Raline deprived the Plaintiff of any right secured by the U.S. Constitution or is otherwise liable to the Plaintiff.

7. Paragraph 7 contains legal conclusions to which no response is required.

To the extent a response is required, the Town and Chief Raline do not object to this Court's jurisdiction over the state law claims so long as the federal claims remain pending. The Town and Chief Raline reserve the right to move for the dismissal of the state law claims upon dismissal of the federal claims.

8. Paragraph 8 contains legal conclusions to which no response is required.

To the extent a response is required, the Town and Chief Raline do not object to venue in this Court.

9. Upon information and belief, the allegations in paragraph 9 are admitted.

10. The allegations in paragraph 10 are admitted.

11. The allegations in paragraph 11 are admitted.

12. In response to paragraph 12, it is admitted the Town's Board of Mayor and Alderman (the "Board") acts as the legislative branch for the Town

The remaining allegations in paragraph 12 are denied as stated.

13. In response to paragraph 13, it is admitted the Mayor oversees and supervises the day-to-day operations of the Town. It would be shown the Mayor relies upon various department heads, such as the chief of police, to maintain policies and procedures for their respective department(s).

The remaining allegations in paragraph 13 are denied as stated.

14. In response to paragraph 14, it is admitted that the Town's Charter vests the mayor with power to hire and fire certain Town employees.

It would be shown department heads, such as the chief of police, are vested with authority to hire and fire employees within their respective departments.

15. In response to paragraph 15, it is admitted Karteron was employed by the Town as a police officer at all times material.

The remaining allegations in paragraph 15 are legal conclusions to which no response is required.

16. In response to paragraph 16, it is admitted that at all times material, Chief Raline was employed as the chief of police for the Town and acted within the course and scope of his employment.

The remaining allegations in paragraph 16 are legal conclusions to which no response is required.

17. The allegations in paragraph 17 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

18. The allegations in paragraph 18 are admitted.

19. The allegations in paragraph 17 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

20. In response to paragraph 20, it is denied Chief Raline was responsible for the safety and welfare of the Plaintiff or otherwise owed the Plaintiff any duty of care.

It is denied Chief Raline violated the Plaintiff's constitutional rights.

It is denied Chief Raline conspired to violate the Plaintiff's rights.

It is denied Chief Raline inflicted emotional distress on the Plaintiff.

It is denied Chief Raline failed to properly supervise Karteron.

It is denied Chief Raline failed to prevent Karteron from violating the Plaintff's rights because the Plaintiff's rights were not violated.

21. The allegations in paragraph 21 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

22. The allegations in paragraph 22 are legal conclusions to which no response is required.

To the extent a response is required, it is denied the Complaint states a claim upon which relief may be granted against Chief Raline and/or the Town.

23. Upon information and belief, the allegations in paragraph 23 are admitted.

24. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 24.

25. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 25.

26. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 26.

27. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 27.

28. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 28.

29. The allegations in paragraph 29 are admitted.

30. In response to paragraph 30, it is admitted that some dispute arose between the Plaintiff and a customer regarding payment for work purportedly performed by the Plaintiff and/or his employees.

The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 30.

31. In response to paragraph 31, it is admitted Karteron called Chief Raline from the scene.

It is admitted there was some discussion about the dispute between the Plaintiff and the customer.

32. In response to paragraph 32, it is denied Chief Raline made the statement quoted in the first sentence of paragraph 32.

It is admitted Chief Raline discussed the nature of the issue between the Plaintiff and the customer.

It is admitted Chief Raline discussed whether the Plaintiff had committed false imprisonment.

The remaining allegations in paragraph 32 are denied as stated.

33. In response to paragraph 33, it is admitted the Plaintiff used his vehicle to block the customer's vehicle so that the customer was not free to leave the premises.

It is admitted the Plaintiff was arrested and charged with false imprisonment.

The Town and Chief Raline are currently without sufficient information to admit or deny the remaining allegations in paragraph 33.

34. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 34.

35. The allegations in paragraph 35 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 35.

36. The allegations in paragraph 36 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 36.

37. The allegations in paragraph 37 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 37.

38. The allegations in paragraph 38 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 38.

39. The allegations in paragraph 39 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 39.

40. In response to paragraph 40, it is admitted Chief Raline entered the Plaintiff's business at one point during the course of the incident.

The remaining allegations are denied.

41. The allegations in paragraph 41 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 41.

42. The allegations in paragraph 42 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 42.

43. The allegations in paragraph 43 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, it is denied Officer Karteron removed the Plaintiff from the vehicle.

It is admitted the Plaintiff stated it was hot in the vehicle.

The Town and Chief Raline are currently without sufficient information to admit or deny the remaining allegations in paragraph 43.

44. The allegations in paragraph 44 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, it is denied Officer Karteron "physically abused" the Plaintiff.

The Town and Chief Raline are currently without sufficient information to admit or deny the remaining allegations in paragraph 44.

45. The allegations in paragraph 45 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 45.

46. The allegations in paragraph 46 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 46.

47. The allegations in paragraph 47 are directed at another defendant. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, it is denied the charges against the Plaintiff were without probable cause.

48. In response to paragraph 48, it is admitted the body camera footage of the incident was released pursuant to a request under the Tennessee Open Records Act.

It is admitted that a council member stated at a public meeting that the release of the footage was proper under the Tennessee Open Records Act.

It is denied the release of the body camera footage was unlawful under any of the authorities cited in paragraph 48.

The remaining allegations in paragraph 48 are legal conclusions to which no response is required and/or the Town and Chief Raline currently lack sufficient information to admit or deny the remaining allegations in paragraph 48.

49. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 49.

50. Upon information and belief, the allegations in paragraph 50 are admitted.

51. The allegations in paragraph 51 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 51.

52. The allegations in paragraph 51 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 51.

53. The allegations in paragraph 53 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 53.

54. The allegations in paragraph 54 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 54.

55. The allegations in paragraph 55 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 55.

56. The allegations in paragraph 56 are legal conclusions to which no response is required.

To the extent a response is required, the Town and Chief Raline would show the content of T.C.A. §39-16-510, speaks for itself.

57. The allegations in paragraph 57 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 57.

58. The allegations in paragraph 58 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 58.

59. The allegations in paragraph 59 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 59.

60. The allegations in paragraph 60 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 60.

61. The allegations in paragraph 61 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 61.

62. In response to paragraph 62, it is admitted Board member Dan Sergeant raised an issue regarding Officer Karteron's qualifications as a police officer at the Board meeting on October 27, 2025.

It is admitted the Plaintiff was present at the October 27, 2025, Board meeting.

The Town and Chief Raline are currently without sufficient information to admit or deny whether Jill Nunley was present at the October 27, 2025, Board meeting.

The remaining allegations in paragraph 62 are denied.

63. In response to paragraph 63, it is admitted Dan Sergeant referred to a document from Rutherford County.

The Town and Chief Raline are currently without sufficient information to admit or deny what document Dan Sergeant was referring to at the October 27, 2025, Board meeting.

64. The allegations in paragraph 64 are admitted.

65. In response to paragraph 65, it is admitted the letter from James K. Durr that is attached to the Complaint states Officer Karteron was terminated from the Murfreesboro Police Department.

The Town and/or Chief Raline are currently without sufficient information to admit or deny the remaining allegations in paragraph 65.

66. In response to paragraph 66, it is admitted the letter attached to the Complaint states Officer Karteron was charged with simple assault and that the charge was expunged from his criminal record.

67. In response to paragraph 67, it is admitted the letter attached to the Complaint contains statements consistent with what is contained in paragraph 67.

68. In response to paragraph 68, it is admitted the letter attached to the Complaint states that it was a "Notice of Termination."

It is admitted that the letter stated Mr. Durr intended to notify the Tennessee Peace Officer Standards and Training Commission ("POST") of Officer Karteron's change of status with the department.

It is denied Mr. Durr was vested with authority to decommission Officer Karteron's POST certification.

69. In response to paragraph 69, it is admitted that Chief Raline stated that because the charge had been expunged, it was as if the charge had not happened.

The remaining allegations in paragraph 69 are admitted.

70. The allegations in paragraph 70 are admitted.

71. In response to paragraph 71, it is admitted POST informed Chief Raline that Officer Karteron was a certified officer and that the expungement of the criminal charge did not effect his certification.

It is denied Chief Raline stated that the alleged crime did not happen.

72. The allegations in paragraph 72 are admitted.

73. In response to paragraph 73, it is admitted Sergeant made the statements alleged in paragraph 73.

The Town and Chief Raline deny Sergeant's characterization that Officer Karteron was "over zealous" or that his past history was a "red flag."

74. In response to paragraph 74, the Town and Chief Raline deny the characterization that Chief Raline "continued to make excuses for [Officer] Karteron . . ."

It is admitted Chief Raline state Officer Karteron was not "everyone's cup of tea."

The Town and Chief Raline deny the Plaintiff's characterization that Chief Raline tried to paint Karteron as "someone who cares about the citizens of Monteagle."

The remaining allegations in paragraph 74 are admitted.

75. In response to paragraph 75, it is admitted Officer Karteron has not been terminated.

The remaining allegations in paragraph 75 are denied.

76. In response to paragraph 76, it is denied the Town's investigation of Officer Karteron's background was inadequate or was otherwise insufficient.

It is denied Officer Karteron has ever been disqualified or decertified as a police officer.

The remaining allegations in paragraph 76 are denied as stated.

77. In response to paragraph 77, it is admitted Tony Gilliam made comments at the referenced Board meeting regarding the police department's complaint procedure.

The remaining allegations in paragraph 77 are denied.

78. In response to paragraph 78, the Town and Chief Raline are currently without information to admit or deny the Plaintiff's "long-standing interest in town affairs."

It is admitted the Plaintiff is a business owner/operator in the Town.

It is admitted the Plaintiff attends or has attended Board meetings.

79. The Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 79.

80. The allegations in paragraph 80 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 80.

81. The allegations in paragraph 81 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 81.

82. In response to paragraph 82, it is admitted the Town's police department's process for handling complaints against officers was discussed at the February 23, 2026, Board meeting.

It is denied the issue was raised by Scott Pilkington and Tony Gilliam. Rather, it would be shown Chief Raline was the first to bring up the complaint process.

83. In response to paragraph 83, it is admitted Scott Pilkington brought up an incident whereby he was arrested by the Grundy County Sheriff's Office.

It is admitted Chief Raline stated he was present at the scene of the Pilkington's arrest pursuant to an interlocal agreement with the Grundy County Sheriff's office.

It is denied Pilkington was arrested at the demand of Raline.

The Town and Chief Raline are currently without sufficient information to admit or deny the remaining allegations in paragraph 83.

84. The allegations in paragraph 84 are admitted.

85. In response to paragraph 85, it is denied Chief Raline refused to take any complaint from Pilkington.

It is admitted Chief Raline indicated that any issue with Pilkington's arrest should be taken up with the Grundy County Sheriff's Office, which was the arresting agency.

The remaining allegations in paragraph 85 are denied.

86. In response to paragraph 86, it is admitted Tony Gilliam asked whether complaints against Town police officers could be submitted to City Hall rather than to the Town's police department.

The remaining allegations in paragraph 86 are denied as stated.

87. In response to paragraph 87, it is admitted Dean Lay stated some citizens may not want to submit complaints directly to members of the Town's police department.

88. No response to paragraph 88 is required.

89. Paragraph 89 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town and/or Chief Raline violated the Plaintiff's rights under the Fourth Amendment of the U.S. Constitution.

90. The allegations in paragraph 90 are denied.

91. The allegations in paragraph 91 are denied.

92. The allegations in paragraph 92 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the allegations in paragraph 92 are denied.

93. The allegations in paragraph 93 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, it is admitted the Plaintiff was charged with vandalism and resisting arrest.

The remaining allegations in paragraph 93 are denied.

94. In response to paragraph 94, it is admitted Chief Raline stated false imprisonment was an appropriate charge given the circumstances.

95. The allegations in paragraph 95 are denied.

96. In response to paragraph 96, it is admitted Officer Karteron is employed as a police officer for the Town.

It is denied Officer Karteron's employment as an officer for the Town is unlawful.

The remaining allegations in paragraph 96 are denied.

97. The allegations in paragraph 97 are denied.

98. In response to paragraph 98, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

99. In response to paragraph 99, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

100. No response to paragraph 100 is required.

101. Paragraph 101 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town and/or Chief Raline violated the Plaintiff's rights under the Fourth and/or Fourteenth Amendment.

It is denied the Town and/or Chief Ralin fabricated evidence against the Plaintiff.

102. The allegations in paragraph 102 are denied.

103. Paragraph 103 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the charges of false imprisonment, vandalism and resisting arrest were without probable cause.

104. The allegations in paragraph 105 are denied.

105. In response to paragraph 105, it is admitted Officer Karteron is employed as a police officer for the Town.

It is denied Officer Karteron's employment as an officer for the Town is unlawful.

The remaining allegations in paragraph 105 are denied.

106. The allegations in paragraph 106 are denied.

107. In response to paragraph 107, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

108. In response to paragraph 108, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

109. No response to paragraph 109 is required.

110. Paragraph 110 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town violated the Plaintiff's rights under the Fourth Amendment of the U.S. Constitution.

111. The allegations in paragraph 111 are denied.

112. The allegations in paragraph 112 are denied.

113. In response to paragraph 113, it is admitted Officer Karteron is employed as a police officer for the Town.

It is denied Officer Karteron's employment as an officer for the Town is unlawful.

The remaining allegations in paragraph 113 are denied.

114. The allegations in paragraph 114 are denied.

115. In response to paragraph 115, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

116. In response to paragraph 115, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

117. No response to paragraph 117 is required.

118. Paragraph 118 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town and/or Chief Raline violated the Plaintiff's rights under the Fourth Amendment of the U.S. Constitution.

119. The allegations in paragraph 119 are denied.

120. The allegations in paragraph 120 are denied.

121. In response to paragraph 121, it is admitted the Plaintiff was charged with false imprisonment.

It is denied the charge of false imprisonment was without probable cause.

122. The allegations in paragraph 122 are denied.

123. In response to paragraph 123, it is admitted Officer Karteron is employed as a police officer for the Town.

It is denied Officer Karteron's employment as an officer for the Town is unlawful.

124. The allegations in paragraph 124 are denied.

125. In response to paragraph 126, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

126. In response to paragraph 126, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

127. No response to paragraph 127 is required.

128. The allegations in paragraph 128 are denied.

129. The allegations in paragraph 129 are denied.

130. The allegations in paragraph 130 are denied.

131. In response to paragraph 131, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

132. In response to paragraph 132, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

133. No response to paragraph 133 is required.

134. Paragraph 134 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town and/or Officer Raline violated the Plaintiff's rights under the Fourth and/or Fourteenth Amendment to the U.S. Constitution.

135. The allegations in paragraph 135 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and/or Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 135.

136. The allegations in paragraph 136 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the Town and/or Chief Raline are currently without sufficient information to admit or deny the allegations in paragraph 136.

137. The allegations in paragraph 137 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, it is denied the Plaintiff is entitled to damages in any amount from the Town and/or Chief Raline.

138. The allegations in paragraph 138 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, it is denied the Plaintiff is entitled to damages in any amount from the Town and/or Chief Raline.

139. No response to paragraph 139 is required.

140. Paragraph 140 contains legal conclusions to which no response is required.

To the extent a response is required, it is denied the Town violated the Plaintiff's rights under the First Amendment to the U.S. Constitution.

141. The allegations in paragraph 141 are denied.

142. The allegations in paragraph 142 are denied.

143. In response to paragraph 143, it is admitted Officer Karteron is employed as a police officer for the Town.

It is denied Officer Karteron's employment as an officer for the Town is unlawful.

144. The allegations in paragraph 144 are denied.

145. In response to paragraph 145, it is denied the Town is guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

146. In response to paragraph 146, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

147. No response to paragraph 147 is required.

148. The allegations in paragraph 148 are denied.

149. In response to paragraph 149, it is denied Chief Raline is guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

150. No response to paragraph 150 is required.

151. The allegations in paragraph 151 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the allegations in paragraph 151 are denied.

152. In response to paragraph 152, it is denied the Town and/or Chief Raline are guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

153. No response to paragraph 153 is required.

154. The allegations in paragraph 151 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the allegations in paragraph 154 are denied.

155. The allegations in paragraph 155 are denied.

156. The allegations in paragraph 156 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the allegations in paragraph 156 are denied.

157. Paragraph 157 contains legal conclusions to which no response is required.

158. In response to paragraph 157, it is denied Chief Raline is guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

159. No response to paragraph 159 is required.

160. The allegations in paragraph 151 are directed at other defendants. Accordingly, no response from the Town and/or Chief Raline is required.

To the extent a response is required, the allegations in paragraph 160 are denied.

161. The allegations in paragraph 161 are denied.

162. In response to paragraph 162, it is denied Chief Raline is guilty of any conduct which were the proximate cause of any injury allegedly suffered by the Plaintiff.

It is denied the Plaintiff is entitled to any damages.

163. In response to the section of the complaint under the heading "Relief Requested," it is denied the Plaintiff is entitled to any of the prayed-for relief.

164. The Complaint fails to state a claim upon which relief may be granted.

165. Chief Raline relies upon qualified immunity.

166. To the extent applicable, the Town and Chief Raline rely upon the terms, conditions, immunities, defenses and immunities contained in the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-101 et seq.

167. The Plaintiff's conspiracy claims are barred by the intra-corporate conspiracy doctrine.

168. All other allegations in the Complaint that were not expressly denied, are hereby denied.

169. The Town and Chief Raline reserve the right to amend this Answer pending discovery.

SPEARS, MOORE, REBMAN & WILLIAMS PC

By:     *s/Philip Aaron Wells*
          Philip Aaron Wells, BPR# 036248
          601 Market St., Suite 400
          Chattanooga, TN    37402
          Telephone:     (423) 756-7000
          *Attorney for the Town of Monteagle*
          *and William Raline*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of May, 2026 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

Spears, Moore, Rebman & Williams, PC

By: _____ s /Philip Aaron Wells _____