RODNEY LYNN KILGORE, )
)
Plaintiff, )
) No. 1:26-cv-00086
v. ) JURY DEMAND
)
TOWN OF MONTEAGLE, )
ALHAFIZ IBN KARTERON, )
WILLIAM RALINE, and TREVA )
BAKER, )
)
Defendants. )

## ANSWER

Comes now Defendant, Alhafiz Ibn Karteron, by and through undersigned counsel, and for response to the complaint against him, would state and show unto the Court as follows:

1. It is admitted that a lawsuit was filed. It is denied that Plaintiff's rights were violated by virtue of any theory of law.

2. It is admitted that this is an action brought pursuant to 42 U.S.C. § 1983. It is denied that Plaintiff's rights were violated by virtue of any theory of law. It is denied that the Court should exercise supplemental jurisdiction with respect to any state law claims governed by the Tennessee Governmental Tort Liability Act. To the extent the suit alleges official capacity claims, they are redundant with the claims against the Town of Monteagle, and should be dismissed. To the extent the suit alleges individual capacity claims, this

1

Defendant asserts the doctrine of qualified immunity, and the case against this Defendant should be dismissed.

3. It is admitted that a lawsuit was filed. It is denied that Plaintiff's rights were violated by virtue of any theory of law and it is denied that Plaintiff is entitled to any relief under any theory of law.

4. It is denied that this Court should exercise jurisdiction over this Defendant for any alleged state law violations. It is denied that this Defendant violated any federal or state laws. It is averred that this Defendant is entitled to immunity pursuant to the Tennessee Governmental Tort Liability Act for all alleged state law violations.

5. It is admitted that a lawsuit was filed asserting various claims and seeking relief under various theories. It is denied that Plaintiff's rights were violated by virtue of any theory of law, and it is denied that Plaintiff is entitled to any relief under any theory of law.

6. It is admitted that this is an action brought pursuant to 42 U.S.C. § 1983. It is admitted that federal question jurisdiction exists over the federal claims. It is denied that Plaintiff's rights were violated by virtue of any theory of law, and it is denied that Plaintiff is entitled to any relief under any theory of law.

7. Denied. It is averred that this Court should decline to exercise supplemental jurisdiction with respect to any state law claims governed by the Tennessee Governmental Tort Liability Act, as exclusive jurisdiction for such claims is in the Circuit Court for Marion County, pursuant to T.C.A. § 29-20-305. It is averred that this Defendant is entitled

to immunity pursuant to the Tennessee Governmental Tort Liability Act for all alleged state law violations.

8.  It is admitted that venue is proper in this Court, to the extent jurisdiction is proper in this Court.  It is admitted that the events subject of this suit occurred in Marion County.  It is denied that Plaintiff's rights were violated by virtue of any theory of law, and it is denied that Plaintiff is entitled to any relief under any theory of law. Any allegation inconsistent with the foregoing is denied.

9.  Upon information and belief, admitted.

10.  Admitted.

11.  The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, upon information and belief the allegation of this paragraph concerning the governing structure of the Town of Monteagle, are admitted.

12.  The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, it is averred upon information and belief that the Board of Mayor and Aldermen is the governing body of the municipality.

13.  The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. Upon information and belief, it is denied that the Mayor is the final policymaker.

3

14.     The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.  Upon information and belief it is generally admitted that the Mayor does have some lawful authority in connection with hiring and firing.

15.     It is admitted that the City employed this individual Defendant, Sgt. Karteron at all times relevant to this suit. It is admitted that this Defendant acted under color of law as relates to his actions during his response to the incident designated in the Complaint as the "September 15, 2025 Incident" and the "November 4, 2025 Incident."  Any remaining allegations or allegations inconsistent with the foregoing are denied as stated.

16.     The allegations of this paragraph are not directed to this Defendant, and no response is required.  To the extent a response is required, this Defendant admits that Raline is the Police Chief.

17.     Denied.

18.     The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant admits that the Town of Monteagle has a police department.

19.     Denied.  But it is averred that this Defendant did not violate any rights of Plaintiff or duty allegedly owed to Plaintiff by virtue of any fact or theory of law, whatsoever.

20.     The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, upon information and belief it is

4

denied that Chief Raline violated any rights of Plaintiff or duty allegedly owed to Plaintiff by virtue of any fact or theory of law, whatsoever.

21. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, upon information and belief it is denied that Defendant Baker violated any rights of Plaintiff or duty allegedly owed to Plaintiff by virtue of any fact or theory of law, whatsoever.

22. It is admitted that a lawsuit was filed asserting various claims and seeking relief under various theories. It is denied that Plaintiff's rights were violated by virtue of any theory of law, and it is denied that Plaintiff is entitled to any relief under any theory of law. To the extent the Complaint purports to assert an official capacity claim, it is averred that same is redundant with claims against the Town of Monteagle and should be dismissed. To the extent the Complaint purports to assert an individual capacity claim, this Defendant is entitled to qualified immunity and should be dismissed.

23. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore demands strict proof of the same.

24. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore demands strict proof of the same.

25. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore demands strict proof of the same.

26. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore demands strict proof of the same.

27. Denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. Upon information and belief, it is averred that the customer attempted to use a lawful, routine, and commercially appropriate means of payment to complete the transaction, but Plaintiff refused to accept Mr. Mouton's payment. It is averred that while this Defendant was present that Plaintiff made it clear that the customer, Mr. Mouton, was not allowed to leave the premises. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

28. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph to the extent the paragraph references matters prior to this Defendant's arrival, and demands strict proof of same. Upon information and belief, the allegations are denied. It is averred that while this Defendant was present that Plaintiff made it clear that Mr. Mouton was not permitted by Plaintiff to leave the premises.

29. It is admitted that this Defendant was dispatched and arrived at the scene. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

30. Denied as stated because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the customer attempted to use a lawful, routine, and commercially appropriate means of payment to complete the transaction, but Plaintiff refused to accept Mr. Mouton's payment.

6

It is averred that while this Defendant was present that Plaintiff made it clear that the customer, Mr. Mouton, was not allowed by Plaintiff to leave the premises. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

31. It is admitted that this Defendant contacted Chief Raline. It is admitted that there was a general discussion about the dispute between Plaintiff and the customer. All other allegations are denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

32. It is admitted that there was a general discussion about the dispute between Plaintiff and the customer. It is admitted that Chief Raline discussed with this Defendant about whether Plaintiff committed false imprisonment. All other allegations are denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

33. Denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the

7

body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of these Defendants were appropriate at all times and in all respects. It is averred that Plaintiff, after being informed that if he did not accept the customer's payment that he would be arrested for false imprisonment, stated multiple times to this Defendant "he ain't leaving" – referring to Mr. Mouton – and subsequently used his vehicle to block the customer so that the customer, Mr. Mouton, could not leave. It is admitted that this Defendant placed Plaintiff under arrest. It is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

34. This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles, or that the Plaintiff's retrospective invocation of this law somehow overcomes Plaintiff's actions on the date of the incident. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

35. It is admitted that a hearing occurred. All other allegations are denied as stated, because they are improperly characterized, incomplete, and taken out of context and extracted from only a portion of the hearing transcript resulting from said hearing. It is averred that the full hearing transcript speaks for itself.

36. Denied as stated, because the allegations are improperly characterized, incomplete, and taken out of context and extracted from only a portion of the hearing

8

transcript resulting from said hearing. It is averred that the full hearing transcript speaks for itself.

37. Denied as stated, because the allegations are improperly characterized, incomplete, and taken out of context and extracted from only a portion of the hearing transcript resulting from said hearing. It is averred that the full hearing transcript speaks for itself.

38. Denied as stated, because the allegations are improperly characterized, incomplete, and taken out of context and extracted from only a portion of the hearing transcript resulting from said hearing. It is averred that the full hearing transcript speaks for itself.

39. It is admitted that this Defendant arrested Plaintiff and placed him in the vehicle. All other allegations contained within this paragraph are denied. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

40. It is admitted that Chief Raline and Sgt. Raby entered the premises at one point. All other allegations contained within this paragraph are denied. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

41. Denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the

body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

42. It is admitted that this Defendant walked to the police vehicle where Plaintiff was sitting. All other allegations contained within this paragraph are denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

43. It is admitted that this Defendant removed Plaintiff from the vehicle and that there were foot prints on the door showing where Plaintiff had been kicking the door. All other allegations are denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects. It is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

44. Denied. It is averred that the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant

10

were appropriate at all times and in all respects. It is specifically averred that the body camera footage shows that Plaintiff was not complying with this Defendant's instructions once removed from the vehicle. It is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

45. It is denied that this Defendant testified "falsely." It is denied that this Defendant "physically abused Plaintiff" in any way whatsoever. Any remaining allegations are denied as stated, because the allegations are improperly characterized, incomplete and not fully consistent with the video of the incident. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects. It is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

46. The first sentence of this paragraph is denied. The second sentence of this paragraph is denied as stated. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects.

47. The allegations contained within the first sentence of this paragraph are denied. It is specifically averred that this Defendant's actions were lawful and proper in all respects. Upon information and belief, it is admitted that Plaintiff posted bond and was released.

11

48. All allegations of this paragraph and all subparts are not directed to this Defendant, and no response is required. The allegations of this paragraph and all subparts also contain legal conclusions to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the various allegations of this paragraph, and demands strict proof of the same.

49. Upon information and belief, it is admitted that the charge for false imprisonment was dismissed. It is averred that the Court's Order speaks for itself. Any allegation inconsistent with the foregoing is denied.

50. Upon information and belief, it is admitted that no true bill was returned by the Grand Jury with respect to the charges of vandalism and resisting arrest. Any allegation inconsistent with the foregoing is denied.

51. Admitted.

52. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. Upon information and belief, it is denied that Baker made any "false claim."

53. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient

knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

54. Denied.

55. Denied.

56. This paragraph solely contains statements of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

57. It is denied that this Defendant made any false claim regarding the Plaintiff. It is admitted that the Judge of the Marion County Court of General Sessions issued an Order imposing conditions on the Plaintiff that speaks for itself. Any allegations inconsistent with the foregoing are denied.

58. Denied.

59. Admitted.

60. Denied.

61. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

62. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. To the extent the allegations of this paragraph imply any lack of qualifications of this Defendant, same is denied.

13

63.     This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. To the extent the allegations of this paragraph imply that this Defendant "is not fit to be a police officer," same is denied, and is slanderous.

64.     Admitted.

65.     Denied as stated. It is admitted that this Defendant received the termination notice from the Murfreesboro Police Department attached to the Complaint. It is admitted that this Defendant was terminated by the Murfreesboro Police Department. It is averred that the underlying allegations in the termination notice attached to the Complaint are improperly characterized and therefore the allegations contained in this Paragraph are denied as stated. It is averred that these allegations in Plaintiff's Complaint are improper and immaterial.

66.     Denied as stated. It is admitted that the assault charge referenced in the termination notice attached to the Complaint was expunged. It is averred that the effect of an expungement under Tennessee law is to restore the individual charged to the status as if the charge had not occurred. It is averred that the underlying allegations in the termination notice attached to the Complaint are improperly characterized and therefore the allegations contained in this Paragraph are denied as stated.

67.     Denied as stated. It is admitted that the termination notice attached to the Complaint speaks for itself. It is averred that the underlying allegations in the letter attached to the Complaint are improperly characterized and therefore the allegations contained in this Paragraph are denied as stated.

68. Denied as stated. It is averred that the referenced notice attached to the Complaint speaks for itself. Any allegation inconsistent with the foregoing is denied. It is specifically denied that Mr. Durr had any authority to decommission this Defendant's POST certification.

69. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph as to exactly what Chief Raline said, and demands strict proof of the same. It is averred that any statement that the expungement restored this Defendant to a status as if the charge had not occurred, is a correct statement of the effect of an expungement under Tennessee law.

70. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. It is averred that this Defendant is properly POST certified.

71. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. It is specifically averred that this Defendant is properly POST certified.

72. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

73. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to a specific statement, and demands strict proof of the same. It is specifically denied that the substance of any such statement concerning this Defendant set forth in this paragraph 73 of Plaintiff's Complaint would be

accurate; this Defendant denies that he is "over zealous" or that his employment is a "red flag."

74.     This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to a specific statement, and demands strict proof of the same.  It is specifically denied that this Defendant's employment with the Town of Monteagle is anything but proper.

75.     All allegations of this paragraph and all subparts are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.  The predicate of this paragraph is specifically denied insofar as it misrepresents this Defendant's "history."  It is averred that this allegation is immaterial and defamatory.

76.     Denied as stated. It is averred that the underlying allegations in the document referenced in this paragraph and all subparts that is attached to the Complaint are taken out of context, incomplete, purely speculative and mischaracterized, and therefore the allegations contained in this Paragraph are denied as stated.  It is specifically denied that the supposed "investigation" was complete or proper, or that this Defendant's POST certification is anything other than entirely valid.

77.     This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.  To the extent of any comment by Mr. Gilliam, it is averred that any such commentary is immaterial and defamatory.

78. Upon information and belief, admitted that Plaintiff has attended Board meetings. This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and demands strict proof of the same.

79. Denied as stated. It is averred that Nunley went inside to the meeting. It is averred that Plaintiff did not go inside the meeting and voluntarily left the premises in light of the no-contact Order that was in effect, and made no "attempt to participate" in the meeting. Any allegation inconsistent with the foregoing is denied.

80. Denied as stated. It is admitted that Plaintiff walked near the entrance of the municipal building. It is admitted that this Defendant and Plaintiff discussed the no-contact Order. It is averred that Plaintiff was politely reminded about the no-contact Order. It is averred that Plaintiff left the vicinity voluntarily. It is averred that Nunley entered the building after Plaintiff left. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects. All other allegations contained within this paragraph are denied.

81. Denied as stated. It is admitted that Plaintiff did leave the premises in light of the no-contact Order that was in effect. It is admitted that Nunley went inside the building to the meeting. It is averred that the body camera footage depicting the events that are the subject of this suit speaks for itself. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects. Any allegation inconsistent with the foregoing is denied.

17

82. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

83. All allegations of this paragraph and all subparts are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

84. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

85. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

86. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

87. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, this Defendant lacks sufficient

18

knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

88. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

89. This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

90. Denied.

91. Denied.

92. It is admitted that this Defendant charged Plaintiff with false imprisonment. All other allegations contained within this paragraph are denied. It is averred that Plaintiff repeatedly made it clear that the customer was not free to leave and declared that the customer was not free to leave immediately before the physical act of using his vehicle to block the customer. It is averred that the body camera footage establishes that the actions of this Defendant were appropriate at all times and in all respects. It is averred that this Defendant had probable cause to arrest Plaintiff for false imprisonment. It is denied that Plaintiff's rights were violated by virtue of any theory of law.

93. It is admitted that this Defendant charged Plaintiff with the crimes of vandalism and resisting arrest. All other allegations contained within this paragraph are denied. It is averred that the body camera footage establishes that the actions of this

19

Defendant were appropriate at all times and in all respects. It is averred that this Defendant had probable cause to arrest Plaintiff. It is denied that Plaintiff's rights were violated by virtue of any theory of law.

94. Denied as stated. It is admitted that Chief Raline stated that false imprisonment was an appropriate charge given the circumstances. Any allegation inconsistent with the foregoing is denied.

95. Denied. It is specifically averred that this Defendant's conduct was reasonable, proper, and lawful in all respects.

96. It is admitted that this Defendant is still employed with the Town of Monteagle. All other allegations contained within this paragraph are denied. It is denied that the "history" that Plaintiff purports to recount is accurate, and it is further averred that the inclusion of the allegations are immaterial and defamatory.

97. Denied.

98. It is denied that Plaintiff is entitled to any relief under any theory of law.

99. It is denied that Plaintiff is entitled to any relief under any theory of law.

100. This Defendant incorporates the responses to the averments in the Plaintiff's complaint as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

101. This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

102. All allegations contained within this paragraph directed at this Defendant are denied.

103. This paragraph solely contains legal conclusions to which no response is required. To the extent a response is required, it is denied that the charges of false imprisonment, vandalism and resisting arrest were without probable cause.

104. Denied.

105. It is admitted that this Defendant is still employed with the Town of Monteagle. All other allegations contained within this paragraph are denied. It is denied that the "history" that Plaintiff purports to recount is accurate, and it is further averred that the inclusion of the allegations are immaterial and defamatory.

106. Denied.

107. It is denied that Plaintiff is entitled to any relief under any theory of law.

108. It is denied that Plaintiff is entitled to any relief under any theory of law.

109. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

110. This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

111. Denied.

112. Denied.

21

113. It is admitted that this Defendant is still employed with the Town of Monteagle. All other allegations contained within this paragraph are denied. It is denied that the "history" that Plaintiff purports to recount is accurate, and it is further averred that the inclusion of the allegations are immaterial and defamatory.

114. Denied.

115. It is denied that Plaintiff is entitled to any relief under any theory of law.

116. It is denied that Plaintiff is entitled to any relief under any theory of law.

117. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

118. This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

119. Denied.

120. Denied.

121. It is admitted that this Defendant charged Plaintiff with false imprisonment and it is admitted that Chief Raline stated that false imprisonment was an appropriate charge given the circumstances. Any allegation inconsistent with the foregoing is denied.

122. Denied.

123. It is admitted that this Defendant is still employed with the Town of Monteagle. All other allegations contained within this paragraph are denied. It is denied

that the "history" that Plaintiff purports to recount is accurate, and it is further averred that the inclusion of the allegations are immaterial and defamatory.

124. Denied.

125. It is denied that Plaintiff is entitled to any relief under any theory of law.

126. It is denied that Plaintiff is entitled to any relief under any theory of law.

127. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

128. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

129. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, it is denied that that the arrest of Plaintiff was without probable cause, and it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

130. The allegations of this paragraph are not directed to this Defendant, and no response is required. To the extent a response is required, it is denied that that the arrest of Plaintiff was without probable cause, and it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

131. It is denied that Plaintiff is entitled to any relief under any theory of law.

132. It is denied that Plaintiff is entitled to any relief under any theory of law.

133.   This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiff's complaint, as if fully and completely restated herein.

134.   This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles.  To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

135.   Denied.

136.   Denied.

137.   It is denied that Plaintiff is entitled to any relief under any theory of law.

138.   It is denied that Plaintiff is entitled to any relief under any theory of law.

139.   This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

140.   This paragraph solely contains a statement of law to which no response is required. It is denied that the allegations of this paragraph constitute a complete statement of all applicable legal principles.  To the extent a response is required, it is denied that any of the Plaintiff's rights were violated by virtue of any theory of law.

141.   Denied.

142.   Denied.

143.   It is admitted that this Defendant is still employed with the Town of Monteagle. All other allegations contained within this paragraph are denied.  It is denied

24

that the "history" that Plaintiff purports to recount is accurate, and it is further averred that the inclusion of the allegations are immaterial and defamatory.

144. Denied.

145. It is denied that Plaintiff is entitled to any relief under any theory of law.

146. It is denied that Plaintiff is entitled to any relief under any theory of law.

147. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

148. Denied.

149. It is denied that Plaintiff is entitled to any relief under any theory of law.

150. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

151. Denied.

152. It is denied that Plaintiff is entitled to any relief under any theory of law.

153. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

154. Denied.

155. Denied.

156. Denied.

157. This paragraph solely contains legal conclusions to which no response is required. To the extent a response is required, it is denied that the charges of false imprisonment, vandalism and resisting arrest were without probable cause.

158. It is denied that Plaintiff is entitled to any relief under any theory of law.

159. This Defendant incorporates the responses to the averments in the Plaintiff's complaint, as set forth in all other paragraphs of this Answer, as if fully and completely restated herein.

160. Denied.

161. Denied.

162. It is denied that Plaintiff is entitled to any relief under any theory of law.

163. It is denied that the Plaintiff is entitled to any relief set forth in the prayer for relief.

164. Any and all other allegations not heretofore admitted, denied or explained are here and now denied as if taken up individually and denied separately.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim for which relief can be granted.

2. This Defendant denies violating any clearly established constitutional right, and specifically avers that to the extent he engaged with Plaintiff at any time, he engaged in proper and lawful conduct with respect to Plaintiff at all times.

3. This Defendant asserts the doctrine of qualified immunity, including immunity from the suit process itself. It is averred that at no time was any clearly established constitutional right of Plaintiff violated by anyone, and the claims against this

26

individual Defendant should be dismissed.

4. This Defendant asserts the doctrine of sovereign immunity with respect to all claims against him to the maximum extent allowed. To the extent applicable, this Defendant further asserts all privileges and immunities in accordance with the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq., including the limitation on damages, the limitation to a non-jury trial, and exclusive jurisdiction in the Circuit Court for Marion County, Tennessee. It is averred that immunity has not been removed for any claims set forth or attempted to be set forth in the complaint against this Defendant. It is averred that this Defendant is entitled to his attorney's fees pursuant to T.C.A. § 29-20-113.

5. It is averred that the suit against this Defendant is frivolous, unreasonable, and without foundation. It is further averred that any continuation of the suit by Plaintiff is unreasonable. This Defendant is entitled to his attorney's fees pursuant to 42 U.S.C. § 1988(b) whether or not the Plaintiff's claims were initially brought in bad faith. *Christianburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421 (1978); *Fox v. Vice,* 563 U.S. 826, 835 (2011).

6. This Defendant demands a jury of twelve (12) persons to try all issues joined in this cause, except for any GTLA issues, in which this Defendant demands a bench trial in accordance with the Tennessee Governmental Tort Liability Act.  To the extent a twelve (12) person jury is not available in Federal Court, Defendants assert that they should receive a jury of the maximum number of permissible jurors, and without limiting the foregoing, a jury of no fewer than eight (8).

7. This Defendant further affirmatively asserts common law good faith immunity and/or qualified immunity. This Defendant avers that his actions were all reasonable under the circumstances at all times, and he is entitled to a dismissal of all claims against him, by virtue of any theory of law whatsoever.

8. To the extent applicable, the claims against this Defendant are barred in accordance with the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-310(b).

9. To the extent applicable concerning any state law claims particularly, this Defendant also asserts that this suit should be tried in accordance with the doctrine of comparative fault. It is averred that the fault of the Plaintiff should be compared with the fault of this Defendant and any other Defendants, as to any applicable claims that are brought in the original complaint or any amendment thereto. To the extent Plaintiff is fifty (50) percent or more at fault for his own injuries, then the Complaint is barred. To the extent it may be shown that any other party or any other person identified in the complaint contributed to Plaintiff's alleged injuries and damages, then any damages Plaintiff recovers must be reduced/diminished by the percentage of fault attributable to such other persons or parties.

10. The allegations of the Plaintiff's prayer for relief demanding joint and several liability should be stricken, as they fail to state a claim

11. The allegations of Plaintiff's prayer for relief seeking punitive damages should be stricken and fail to state a claim for which relief can be granted. Plaintiff is not entitled to punitive damages, because this Defendant did not act with evil motive or intent, or reckless or callous indifference to the federally protected rights of others. *Smith v. Wade,*

28

461 U.S. 30, 56 (1983). To the extent Plaintiff seeks punitive damages, this Defendant demands a bifurcated trial. This Defendant further asserts the limitations on punitive damages pursuant to the Tennessee Civil Justice Act, T.C.A. § 29-39-104.

12. With respect to any state law claims against this Defendant, the exclusive and original jurisdiction and venue for said actions is in the Circuit Court of Marion County, Tennessee pursuant to T.C.A. § 29-20-305. Accordingly, it is denied that this Court is the proper jurisdiction or venue to resolve said claims, and it is averred that the Court should decline to exercise supplemental jurisdiction over any state law claims.

13. To the extent Plaintiff attempts to assert a cause of action for malicious prosecution, Plaintiff asserts no facts in connection with such a claim, and the Complaint fails to state a claim upon which relief can be granted.

14. It is averred that this Defendant had probable cause to arrest Plaintiff and therefore Plaintiff's claims fail as a matter of law.

15. The Intra-corporate Conspiracy Doctrine is affirmatively asserted as a bar to some or all of any conspiracy claims expressly or impliedly asserted.

16. This Defendant reserves the right to supplement and amend this Answer based on further investigation and discovery.

Now, having fully answered the complaint against them, Defendants asks that same be dismissed with prejudice, and that each of them be awarded their attorney's fees pursuant to 42 U.S.C. § 1988 and/or T.C.A. § 29-20-113.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

By s/Wade Blair, BPR No. 038822
    WADE BLAIR
    Attorneys for Defendant
    Alhafiz Ibn Karteron
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)
    wade@moorerader.com

By s/Daniel H. Rader IV, BPR No. 025998
    DANIEL H. RADER IV
    Attorneys for Defendant
    Alhafiz Ibn Karteron
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)
    danny@moorerader.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on May 20, 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Mr. Robin R. Flores
Flores Law Office
4110 Brainerd Road, Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com
Attorney for Plaintiff

Mr. Philip Aaron Wells
Spears, Moore, Rebman & Williams PC
601 Market Street, Suite 400
Chattanooga, TN 37402
awells@rswlaw.com
Attorney for Town of Monteagle and William Raline

30

Mr. William C. Rieder
Hull, Ray, Rieder, Lane & Huffer, P.C.
214 N.E. Atlantic Street
P.O. Box 878
Tullahoma, TN  37388
bill.rieder@hrrell.com
Attorney for Treva Baker

This the 20th day of May, 2026.

MOORE, RADER AND YORK, P. C.

By s/Wade Blair, BPR No. 038822
    WADE BLAIR